# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | |
|---|---|
| **MARIA DE JESUS GONZALEZZ** § | |
| **Plaintiff,** § | |
| § | |
| **v.** § | **CIVIL ACTION NO._____** |
| § | **JURY DEMANDED** |
| **COMPANION PROPERTY AND** § | |
| **CASUALTY INSURANCE** § | |
| **COMPANY and WELLINGTON** § | |
| **RISK INSURANCE AGENCY, INC.** § | |
| **Defendants.** | |

### DEFENDANT COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, Companion Property and Casualty Insurance Company, in Cause No. C-2117-16-A pending in the 92nd District Court of Hidalgo County, Texas, files this Notice of Removal from that court to the United States District Court for the Southern District of Texas, McAllen Division, on the basis of diversity of citizenship and respectfully show:

## I.
## FACTUAL BACKGROUND

1.1     On or about May 9, 2016, Plaintiff filed her Original Petition in the matter styled: *Maria de Jesus Gonzalezz v. Companion Property and Casualty Insurance Company and Wellington Risk Insurance Agency, Inc.*, in the 92nd District Court of Hidalgo

1

County, Texas, in which Plaintiff made claims for damages to her home under a homeowner's insurance policy.

1.2  Plaintiff asserts a claim against Wellington Risk Insurance Agency, Inc. (hereinafter "Wellington"), a party without any connection to this cause of action.

1.3  Plaintiff served Companion Property and Casualty Insurance Company (hereinafter "Companion") with process and Plaintiff's Original Petition on June 21, 2016.

1.4  Plaintiff's Original Petition states that her property sustained damage from a hailstorm on May 9, 2014 and that the ensuing damages were covered under the insurance policy.  *See* Plaintiff's Original Petition at § V, ¶¶ 2, 3).

1.5  Simultaneously with filing of this notice of removal, attached hereto as Exhibit "A" is the Index of Matters Being Filed.  A copy of the Hidalgo County District Clerk's file for this case is attached as Exhibit "B," which includes true and correct copies of all executed process, pleadings and orders.  Attached hereto as Exhibit "C" is the Designation of Counsel.  Attached hereto as Exhibit "D" is Wellington's consent to removal.  Attached hereto as Exhibit "E" is the Affidavit of Michael Ramirez.

## II.
### BASIS FOR REMOVAL

2.1  Removal is authorized based upon diversity of citizenship under 28 U.S.C. §§ 1332, 1441(a) and 1446.

2.2  Plaintiff's petition fails to allege her state of residency or citizenship. However, Plaintiff states that the insured property is "situated in HIDALGO COUNTY, Texas." *See* Plaintiff's Original Petition, at § III, ¶ 1.  Furthermore, her pleading also

2

describes the dwelling as her home.  *See* Plaintiff's Original Petition, at § V, ¶ 3.  Additionally, the declaration page of the insurance policy in question issued by Companion to Plaintiff lists her mailing address as the address of the insured property located at 3416 N. Christopher Ln. in Edinburg, Texas.  *See* Exhibit E attached to the Affidavit of Michael Ramirez.  Plaintiff is a citizen of Texas.

2.3    Plaintiff's Original Petition describes Companion and Wellington as if they were the same entity and states that it "is a Texas Corporation, duly licensed to conduct business in Texas and is the INSURANCE COMPANY complained of in this matter and may be served with process by serving its registered agent."  *See* Plaintiff's Original Petition at § II, ¶ 2.

2.4    Defendant Companion is a distinct and separate entity (from Wellington) and is a foreign insurance company, incorporated as a South Carolina-domiciled insurance company, and has its principal place of business in South Carolina.  Accordingly, Companion is not a citizen of Texas.

2.5    Defendant Wellington Risk Insurance Agency, Inc., although not a proper party to this lawsuit, is a citizen of the State of Texas.

A.    **Defendant Wellington Risk Insurance Agency, Inc. Has Been Improperly Joined in this Lawsuit**

2.6    Plaintiff's petition alleges contractual and extra-contractual damages (statutory and common law) against the two insurance defendants.  Plaintiff initially alleges that both Companion and Wellington "is a Texas Corporation, duly licensed to conduct business in Texas and is the INSURANCE COMPANY complained of in this matter and may be served with process by serving its registered agent."  *See* Plaintiff's Original

Petition at § II, ¶ 2. This allegation is false. The names of these two entities, on their faces, show that they are distinct legal entities. The allegation that Companion is a "Texas Corporation" is flatly false.[1]

2.7 Plaintiff's petition directs all allegations against the two companies either as one entity or by referring to "Defendants," plural. There are no allegations directed to either Companion or Wellington independently of the other entity. The Plaintiff combines the two entities together and identifies them as "the INSURANCE COMPANY complained of." The pleading makes no distinction as to separate acts or omissions by the companies. The allegations in connection with Wellington are entirely false as Wellington had no involvement with Plaintiff or her claim.

2.8 Firstly, Companion submits that the Court should "pierce the pleadings" and consider undisputable facts outside Plaintiff's Original Petition which establish that Wellington had no relationship to Plaintiff or no involvement in her insurance claim. Thus, there is no possibility that Wellington could be liable to Plaintiff. Secondly, Companion submits that the Court should also conduct a rule 12(b)(6)-type analysis of Plaintiff's petition, which will reveal that Wellington is improperly joined in this litigation and should be disregarded for purposes of determining jurisdiction.

2.9 Wellington is not a domestic insurance company, it does not issue any policies, adjust claims or otherwise administer policies. Most importantly, Wellington did not at any time provide insurance to Plaintiff and did not perform any investigation or adjustment services in connection with Plaintiff's claim. All of Plaintiff's allegations against

---

[1] Companion's status as a licensed foreign insurance carrier may be easily determined from the Texas Department of Insurance.

Wellington are false and there is no possibility that Plaintiff can establish liability against Wellington. Attached to this Notice and incorporated herein by reference as Exhibit E is the Affidavit of Michael Ramirez. In Exhibit E, Mr. Ramirez avers that he is an authorized agent for Sussex Insurance Company, which is the successor of Companion Property and Casualty Insurance Company. He is familiar with the policies and claims of Companion Property and Casualty Insurance Company, and specifically, with the homeowner's insurance coverage and claim of Plaintiff in this matter. He clearly and unequivocally testifies that Wellington was not involved in the investigation or adjusting of Plaintiff's claim made the basis of this lawsuit. Further, Wellington did not issue or sell any insurance coverage to Plaintiff. *See* Exhibit E, and Exhibit E-1, attached thereto.

2.10   An in-state defendant in a state court lawsuit must be disregarded if that party's joinder is improper or fraudulent so that no possible cause of action has been or can be stated against that party. *See Farias v. Bexar County Bd. of Trustees*, 925 F.2d 866, 871 (5th Cir. 1991). The removing defendant has the burden of alleging and proving the in-state defendant's joinder was a sham or fraudulent. *Jernigan v. Ashland Oil Co.*, 989 F.2d 812, 815-16 (5th Cir. 1993), *cert. denied*, 510 U.S. 868 (1993).

2.11   The doctrine of improper joinder directs a federal court when determining federal diversity jurisdiction to disregard the presence of parties not properly joined. 28 U.S.C.A. § 1441(b). This determination is made by focusing on whether: (1) there is actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff can establish any cause of action against the in-state defendant in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Federal courts in determining fraudulent joinder questions consider whether there is any possibility of recovery by the plaintiff against the in-state

5

defendant, which, stated differently, means that there is no reasonable basis for the Court to predict that the plaintiff might be able to recover against an in-state defendant. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).

    2.12    In the Fifth Circuit, when deciding questions of improper joinder, courts may either limit their consideration to a rule 12(b)(6)-type analysis of the pleadings only or pierce the pleadings and conduct a summary judgment-type analysis to determine the propriety of joinder, especially in cases such as this where there is a "misstatement" or omission of discrete jurisdictional facts. *Smallwood*, 385 F.3d at 573; *Keating v. Shell Chemical Co.*, 610 F.2d 328, 333 (5th Cir. 1980). Here, Companion asks the Court to do both. The Fifth Circuit has explained that:

> Our decisions subsequent to *B., Inc. [v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir. 1981)] have consistently maintained that a district court may look to evidence outside of the pleadings in determining a fraudulent joinder claim. . . . Lest there remain even a shadow of a doubt as to this circuit's position, we reiterate-in hopes that further pronouncement will not be necessary-that in testing for fraudulent joinder the district court in its discretion may 'pierce the pleadings'. . . . [fraudulent joinder is established if the summary judgment type evidence demonstrates that] 'as a matter of law, there [is] no reasonable basis for predicting that the plaintiff might establish liability against a named in-state defendant in state court.' *Id*. (footnote omitted).

*Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 389 n.10 (5th Cir. 2000)(quoting *Burden v. General Dynamics Corp.*, 60 F.3d 216, 217 (5th Cir. 1995)). The summary judgment-type analysis requires that after all questions of fact and all ambiguities in the controlling state law are resolved in favor of the plaintiff, the court decides whether the plaintiff has any possibility of recovery against the party who joinder is questioned. *B., Inc.*, 663 F.2d at 551; *Carriere v. Sears, Robuck & Co.*, 893 F.2d 98, 100-01(5th Cir. 1990), *cert. denied*,

498 U.S. 817 (1990).  If there is no reasonable possibility for predicting liability against the in-state defendant, improper joinder exists and the action is to remain in federal court. *See Guillory v. PPG Indus., Inc.,* 434 F.3d 303, 308-09 (5th Cir. 2006); *Charla G. Aldous, P.C. v. Teresa Lugo*, 2014 WL 111682 at *8 (N.D. Tex. 2014).

    2.13    Based on the authority cited above, Companion implores the Court to pierce Plaintiff's pleading in this case and consider Exhibit E (and attachment), which establishes as a matter of law that Wellington is not a proper party for there is no possibility that the Plaintiff may recover against it.

    2.14    In addition, an analysis of the Plaintiff's petition reveals that there are no independent allegations against Wellington.  The allegations against Wellington are entirely indistinct from those against Companion.  The petition merely regurgitates the elements of the various causes of action and the Texas Insurance Code with virtually no case-specific facts.  The petition fails to identify, even generally, what are the physical damages to Plaintiff's dwelling; is it the roof, the windows, the interior, fences, sheds, etc.  All that is alleged is that Plaintiff "suffered covered losses in the form of wind, hailstorm, and water damages resulting from openings created by those perils, including damages to the architectural finishes of the property."  *See* Plaintiff's Original Petition, § V, ¶ 4.  Plaintiff also alleges underpayment of losses without any explanation of the amounts of underpayment and what items were not properly paid.  Plaintiff's petition contains nothing but vague, conclusory, and over-generalized assertions.  There is no legitimate indication that Plaintiff has suffered a real injury, rather than simply embarking on a fishing expedition prohibited by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007)(holding a plaintiff must do more than simply allege legal conclusions or recite the

elements of a cause of action); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations").

2.15    The petition alleges improper investigation and undervaluing of the unidentified claim, misrepresentations of coverage and the amount needed to repair the unidentified damages without any description of who made the misrepresentation, when and where they were made, the substance of the misrepresentations, or in what way the alleged misrepresentations benefited defendants. *See* Plaintiff's Original Petition IX, ¶¶ (7) - (11).  Plaintiff alleges that Defendants concealed and ignored damages to the property known to them and intentionally unpaid Plaintiff's losses. *See* Plaintiff's Original Petition, IX, ¶¶ (7) and (8).  Under rule 9 of the Federal Rules of Civil Procedure, these vague and conclusory pleadings fail to meet the heightened pleadings standard and fails to disclose the who, what, when, where, why and how required of pleadings of fraud. Companion submits that a rule 12(b)(6)-type analysis of Plaintiff's pleading will establish that Wellington is improperly joined and its presence should be disregarded by the Court.

2.16    Because Companion, as a foreign defendant, is the only proper defendant in this action, there is complete diversity.  As such, removal is proper based upon diversity of citizenship under 28 U.S.C. §§1332(a)(1), 1441(a), and 1446.

**B.**     **Amount in Controversy Exceeds the Jurisdictional Requirements**

2.17    Federal courts have subject matter jurisdiction over actions between citizens of different states in which the amount in controversy exceeds $75,000.  28 U.S.C. §1332(a)(1); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). Generally, an amount in controversy for the purposes of establishing federal jurisdiction is

determined by the plaintiff's complaint. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995).

2.18 Here, Plaintiff's Petition states that "Plaintiff seeks monetary relief of $100,000 or less." *See* Plaintiff's Original Petition, § IV, ¶¶ 1. Plaintiff's claims are centered on contractual and extra-contractual insurance claims for the alleged failure to pay the full proceeds of an insurance policy. Plaintiff seeks contractual damages under the policy, the limits of which exceed $75,000. *See* Exhibit E. Furthermore, the Plaintiff seeks non-contractual damages of penalty interest, consequential damages, pre-judgment and post-judgment interest, and attorney's fees. *See* Plaintiff's Original Petition, § XIII, ¶ 1 and § XV ¶ 1. Consequently, the Plaintiff seeks relief above the amount necessary to establish diversity jurisdiction.

2.19 Thus, Defendant Companion has met the requirements to remove this case to federal court. 28 U.S.C. §1332(a).

### III.
### THE REMOVAL IS PROCEDURALLY CORRECT

3.1 Defendant Companion was first served with Plaintiff's Original Petition and process on June 21, 2016. Companion files this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

3.2 Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.3     Pursuant to 28 U.S.C. §1446(d), promptly after Companion files this Notice, written notice of the filing will be given to the Plaintiff, the adverse party.

3.4     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Hidalgo County District Court, promptly after Defendant Companion files this Notice.

## IV.

## CONCLUSION

4.1     Based upon the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein, Defendant Companion Property and Casualty Insurance Company hereby remove this case to this Court for final determination and/or trial.

By:  /s/ Mikell A. West

Mikell A. West
Attorney-in-charge
State Bar No. 24070832
Southern Dist. No. 1563058
P.O. Box 6666
Corpus Christi, Texas 78466
Telephone: (361) 654-7008
Fax: (361) 654-7001
mwest@gnqlawyers.com

**ATTORNEYS FOR DEFENDANT COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY**

*Of counsel*:

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
Telephone (956) 544-7110
Fax: (956) 544-0607

William Gault
State Bar No. 07765050
Southern Dist. No.14685
bgault@gnqlawyers.com

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 6666
Corpus Christi, Texas, 78466
Telephone: (956) 618-0628
Fax: (956) 618-0670

Thomas F. Nye
State Bar No. 15154025
Southern Dist. No. 7952
tnye@gnqlawyers.com

Donald W. Elliott, Jr.
State Bar No. 24097651
Southern Dist. No. 2783040
delliott@gnqlawyers.com

## **CERTIFICATE OF SERVICE**

   I certify that on July 21, 2016, a copy of Defendant Companion Property and Casualty Insurance Company's Notice of Removal was *electronically filed* on the CM/ECF system, and will be served on the following attorney in charge for Plaintiff, Maria de Jesus Gonzalezz:

**Via CM/RRR #7012 2920 0001 5084 8654**

Law Offices of R. Kent Livesay, P.C.
5319 South McColl Road
Edinburg, Texas 78539

                /s/Mikell A. West
                Mikell A. West