Electronically Filed
5/9/2016 10:35:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. __C-2117-16-A_____

| | | |
|---|---|---|
| MARIA DE JESUS GONZALEZZ<br>Plaintiff | § § § § | IN THE DISTRICT COURT |
| vs. | § § § | |
| COMPANION PROPERTY & CASUALTY INSURANCE CO & | § § § | _____ JUDICIAL DISTRICT |
| WELLINGTON RISK INSURANCE AGENCY, INC.<br>Defendant(s) | § § § § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION
## AND REQUEST FOR RULE 194.2 DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Maria De Jesus Gonzalezz (hereinafter referred to as "PLAINTIFF"), and files this her Original Petition against Companion Property & Casualty Insurance Co & Wellington Risk Insurance Agency, Inc. (hereinafter referred to as 'DEFENDANT(S)") and for cause of action would respectfully show the Court the following:

### I.

### Discovery

Pursuant to Rule 190 of the Texas Rules of Civil Procedure, PLAINTIFF intends to conduct discovery under Level 3.

### II.

### Parties and Service

PLAINTIFF owns the following dwelling, policy and was assigned the following claim number:

1



EXHIBIT
B

Electronically Filed
5/9/2016 10:35:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2117-16-A

| CLIENT | ADDRESS | POLICY NO. | CLAIM NO. |
|---|---|---|---|
| Maria De Jesus Gonzalezz | 3416 N. Christopher Ln.; Edinburg, TX 78542-8644 | C0C65107 | CPT9216 |

DEFENDANT(S) Companion Property & Casualty Insurance Co & Wellington Risk Insurance Agency, Inc. is a Texas Corporation duly licensed to conduct business in Texas and is the INSURANCE COMPANY complained of in this matter and may be served with process by serving its registered agent at: Paul R. Poston, 6801 Calmont Ave., Fort Worth, Texas 76116-4108. Service may be perfected via Certified Mail Return Receipt Requested.

### III.

### Jurisdiction and Venue

Venue of this action is proper in HIDALGO COUNTY, Texas, because the policy of issue was issued and delivered in HIDALGO COUNTY, Texas, because the property insured is situated in HIDALGO COUNTY, Texas, because PLAINTIFF'S losses occurred in HIDALGO COUNTY, Texas, and because all or part of the events made the basis of this lawsuit and giving rise to PLAINTIFF'S claims and causes of action occurred in HIDALGO COUNTY, Texas.

Jurisdiction is proper in this state as the DEFENDANT is conducting business in the State of Texas. The insurance business done by the DEFENDANT in Texas includes, but is not limited to, the following:

1. The making and issuing of contracts of insurance with PLAINTIFF;

2. The taking or receiving of application for insurance, including PLAINTIFF'S application for insurance;

2

Electronically Filed
5/9/2016 10:35:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2117-16-A

3. The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from PLAINTIFF;

4. The issuance or delivery of contracts of insurance to residents of tis state or a person authorized to do business in this state, including PLAINTIFF; and

5. The investigation and or adjustment of insurance claims within the State of Texas.

## IV.

### Rule 47 Statement

The amount in controversy and damages sought are within the jurisdictional limits of the Court. Plaintiff seeks monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment and post-judgment interest and attorney's fees.

## V.

### Facts

DEFENDANT and/or its agents committed the actions alleged against PLAINTIFF in this complaint. DEFENDANT provided coverage to the PLAINTIFF for such dwelling, personal property, and other matters under the Insurance Policy.

PLAINTIFF, as listed above, owns a home in HIDALGO COUNTY and was issued an insurance policy insuring that home by DEFENDANT. On or about 05-09-14 the structures were subjected to covered damages. PLAINTIFF promptly reported her losses and was assigned the claim number as listed above.

Electronically Filed
5/9/2016 10:35:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2117-16-A

During the term of said policy, PLAINTIFF sustained covered losses in the form of wind, hailstorm, and water damages resulting from openings created by those perils, including damage to the architectural finishes of the property. The damages were from the hailstorm, which devastated property in HIDALGO COUNTY, Texas. As a result of the covered events, PLAINTIFF's property sustained damages, including the cost of destruction of the property necessary to access and fix the damaged areas. The damages sustained to PLAINTIFF'S home are covered damages under the insurance policy; however DEFENDANT has failed to fully compensate PLAINTIFF for the damages to her home in accordance with their policy. PLAINTIFF has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, including injuries sustained as a result of having to live in a damaged home during the pendency of DEFENDANT'S claims decision.

## VI.

### Conditions Precedent

All notices and proof of loss were timely and properly given to DEFENDANT in such manner as to fully comply with the terms and conditions of the relevant insurance policies or other contracts and applicable law. All of the conditions precedent to bring this suit under the insurance policy, and applicable statutory regimes have occurred. Despite the fact that all conditions precedent to PLAINTIFF'S recovery have occurred and/or have been performed, DEFENDANT failed and refused to pay PLAINTIFF a just amount in accordance with their contractual obligations, agreements, and representations.

4

Electronically Filed
5/9/2016 10:35:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2117-16-A

There is no federal question nor any allegations giving rise to a federal question.

## VII.

### Breach of Contract

PLAINTIFF purchased an insurance policy with DEFENDANT, PLAINTIFF'S property was damaged by the covered perils of windstorm and hailstorm. These perils created openings through which water damage resulted. These damages are covered under the insurance policy. DEFENDANT has denied and/or delayed payment of PLAINTIFF's covered claims. DEFENDANT had no reasonable basis for denying, delaying, or failing to pay PLAINTIFF'S claims for damages. DEFENDANT knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay such claims. The conduct of DEFENDANT was irresponsible and unconscionable. DEFENDANT took advantage of the PLAINTIFF'S lack of sophistication in insurance and construction matters to a grossly unfair degree. DEFENDANT has, by its conduct, breached its contract with PLAINTIFF. The conduct of DEFENDANT has proximately caused damage to PLAINTIFF.

## VIII.

### DTPA Violations

PLAINTIFF is a consumer entitled to relief under the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"). By their conduct outlined above, DEFENDANT has engaged in the following violations of the DTPA, which, together and separately, has been a producing cause of PLAINTIFF'S damages.

5

Electronically Filed
5/9/2016 10:35:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2117-16-A

(a)     DEFENDANT made false representations about
        PLAINTIFF'S rights, remedies and obligations under the
        policies at issue. These statements were a misrepresentation of
        the insurance policy and their benefits in violation of
        §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce
        Code;

(b)     DEFENDANT'S actions constitute an unconscionable course
        of conduct entitling PLAINTIFF to relief under §17.50(a)(l),
        (2), (3), and (4) of the Texas Business & Commerce Code;

(c)     DEFENDANT failed to disclose information to PLAINTIFF
        concerning the nature and extent of their insurance policy
        which was known by DEFENDANT at the time for the
        purpose of inducing PLAINTIFF into transactions which she
        would not have otherwise entered in violation of Section
        17.46(b)(9) and (23), Texas Business and Commerce Code;

(d)     As described above, DEFENDANT violated Chapter 541,
        Texas Insurance Code, entitling PLAINTIFF to relief under
        Section 17.50(a)(4), Texas Business and Commerce Code.


DEFENDANT took advantage of PLAINTIFF'S lack of knowledge
in construction and insurance claims processes, misrepresented losses
covered under the insurance policy and failed to disclose pertinent
information regarding damages to PLAINTIFF'S property.

DEFENDANT'S conduct as described herein was a producing
cause of damages to PLAINTIFF for which she sues. The conduct of
DEFENDANT as more than just a mistake and was done "knowingly"

Electronically Filed
5/9/2016 10:35:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2117-16-A

and/or "intentionally" as that term is derived by statue. Because of its conduct, DEFENDANT may be subject to liability for additional damages under the Texas Deceptive Trade Practices Act. PLAINTIFF seeks an award under the DTPA for economic damages and all other available damages as a result of DEFENDANT'S conduct.

## IX.

### Unfair Insurance Practices

DEFENDANT failed to inform PLAINTIFF of material facts such as the true scope of damages, terms of the policy, and cost to repair. DEFENDANT failed to properly process claims and have misrepresented material facts to PLAINTIFF. DEFENDANT has failed to address all damage to the property and its contents causing further damage to PLAINTIFF.

Further, DEFENDANT intentionally failed to fully investigate the loss; failed to properly convey all information to PLAINTIFF and have intentionally ignored damages to the dwelling. PLAINTIFF'S property suffered from covered losses and damages of which DEFENDANT is fully aware. DEFENDANT concealed damage known by them to exist. DEFENDANT knew about covered windstorm and water damages but failed to perform proper testing and concealed facts from PLAINTIFF about the damages, such as the amount of and the extent of covered losses, preferring instead to pay a small portion of loss and to deny the rest. PLAINTIFF attempted to dispute these charges on her own but were forced to hire her attorneys when DEFENDANT failed to respond.

By their conduct outlined above, DEFENDANT committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated

Electronically Filed
5/9/2016 10:35:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2117-16-A

therein. DEFENDANT committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1)    DEFENDANT failed to, with good faith, effectuate a prompt, fair, and equitable settlement of PLAINTIFF'S claims once liability became reasonably clear (Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC Section 21.203(4));

(2)    DEFENDANT failed to provide promptly to PLAINTIFF a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for denial of the claim or for the offer of a compromise settlement of the claim (Tex. Ins. Code Ann. 541.060(a)(3); 28 TAC Section 21.203(9));

(3)    DEFENDANT refused to pay a claim without conducting a reasonable investigation with respect to that claim (Tex. Ins. Code Ann. 541.060(a)(7); TAC Section 21.203(15));

(4)    DEFENDANT breached its duty of good faith and fair dealing at common law;

(5)    DEFENDANT failed within a reasonable time to affirm or deny coverage of a claim to a policyholder. (Tex. Ins. Code Ann. 541.060(a)(4)(A); 28 TAC Section 21.203(10));

(6)    DEFENDANT failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies (Tex. Ins. Code Ann. 542. 003(b)(3); 28 TAC Section 21.203(3));

(7)    DEFENDANT compelled PLAINTIFF to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by

Electronically Filed
5/9/2016 10:35:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2117-16-A

the policyholder (Tex. Ins. Code Ann. 542.003(b)(5); 28 TAC Section 21.203(6);

(8)     DEFENDANT violated the Prompt Payment of Claims Statute (28 TAC Section 21.203(18));

(9)     DEFENDANT undertook to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim (Tex. Ins. Code Ann. 541.060(a)(6); 28 TAC Section 21.203(13));

(10)    DEFENDANT committed the following unfair methods of competition or deceptive acts or practices in the business of insurance in violation of Texas Insurance Code and the Texas Administrative Code by:

(a)     DEFENDANT made, issued or circulated or caused to be made, issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policy issued or to be issued:

(i)      the terms of the policy; and/or

(ii)     the benefits or advantages promised by the policy.

(b)     DEFENDANT made untrue statements of material facts (Tex. Ins. Code Ann. 541.060(a)(l); 28 TAC Section 21.203(1));

(c)     DEFENDANT failed to state a material fact necessary to make other statements made not misleading considering the circumstances under which statements were made;

9

Electronically Filed
5/9/2016 10:35:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2117-16-A

(d)     DEFENDANT made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact; and

(e)     DEFENDANT is refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy (Tex. Ins. Code Ann 541.060(a)(5); 28 TAC Section 21.203(11)).

The conduct of DEFENDANT as described herein was a producing cause of damages to PLAINTIFF.

## X.

### Breach of the Duty of Good Faith and Fair Dealing

From and after the time PLAINTIFF'S claim was presented to DEFENDANT, liability to pay the claim in accordance with the terms of insurance policy referenced above has been reasonably clear. Despite there being no basis whatsoever on which a reasonable INSURANCE COMPANY would have relied to deny and/or delay payment for PLAINTIFF'S claim, DEFENDANT refused to accept the claim in totality and pay PLAINTIFF as the policy required. At that time, DEFENDANT knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear. DEFENDANT failed to conduct a reasonable and proper inspection of the claims and refused to rely on the

10

Electronically Filed
5/9/2016 10:35:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2117-16-A

true facts, resorting instead to producing faulty, incomplete and biased reasons to avoid paying a valid claim.

This constitutes failing to handle or process PLAINTIFF'S claim in good faith, an affirmative duty placed on the DEFENDANT, as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau*, 754 S.W.(2)(d) 129 at 135 (Tex. 1988). Through the actions described above, DEFENDANT breached its duty to deal fairly and in good faith with PLAINTIFF.

DEFENDANT'S breach was a proximate cause of the losses, expenses, and damages suffered by PLAINTIFF for which    sues.

## XI.

### Texas Insurance Code 542, Subchapter B Delay in Payment

PLAINTIFF gave prompt notice of their claim to DEFENDANT and DEFENDANT engaged in unfair settlement claim practices as discussed above and denied and/or have delayed payment on PLAINTIFF'S claim. DEFENDANT'S investigation and reliance on reports and estimates from its adjusters and investigating adjusters has been "merely pretextual" and unreasonable. DEFENDANT'S minimal investigation and use of adjusters' reports was an "outcome oriented investigation". PLAINTIFF disputes the reliability of the investigative findings. DEFENDANT has failed to comply with the requirements of Chapter 542 listed herein:

    (a)    Failing to notify PLAINTIFF in writing, within 15 business days after receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and/or

    (b)    Failing to pay PLAINTIFF'S claim within 60 days of

Electronically Filed
5/9/2016 10:35:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2117-16-A

receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and

(c)  Failing to request all of the items, statements and forms the DEFENDANT reasonably believed at the time would be required from PLAINTIFF to pay the claim within 15 days after receiving notice of the claim.

Pursuant to Texas Insurance Code Chapter 542, Subchapter B, PLAINTIFF is entitled to recover from DEFENDANT the statutory penalty of 18% per annum on all amounts due on PLAINTIFF'S claim, together with attorney's fees, for which she sues.

## XII.

PLAINTIFF alleges that as to any terms, conditions, notices, or requests under the insurance contract, PLAINTIFF has substantially complied and/or compliance is excused. In the alternative, PLAINTIFF makes the allegation of waiver and/or estoppel as to every defense or exclusion pled by DEFENDANT and furthermore would show that:

1.  The clear and unambiguous language of the policy provides coverage for dwelling damage caused by windstorm and water damage, including the cost of access to fix the damaged areas. Any other construction of the language of the policy is void as against public policy;

2.  Any other construction and its use by DEFENDANT violates Section 541 and 542 of the Texas Insurance Code and are void as against public policy;

12

Electronically Filed
5/9/2016 10:35:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2117-16-A

3.   Any other construction violates Art. 17.50 of the Texas Business and Commerce Code, is unconscionable, was procured by fraudulent inducement, and is void as against public policy;

4.   Any other construction is otherwise void as against public policy, illegal, and volatiles state law and administrative rule and regulation;

5.   The adoption of any other construction constitutes wrongful or bad faith cancellation and/or refusal to renew a portion of PLAINTIFF'S predecessor policy with DEFENDANT. In this regard, PLAINTIFF would show that a similar insurance policy was renewed uninterrupted for many years; and

6.   The adoption of any other construction constitutes conduct in violation of the laws of this state; including Section 541 and 542 of Texas Insurance Code is void as against public policy.

If this Court finds any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by PLAINTIFF.

In the alternative, DEFENDANT is judicially, administratively, or equitably stopped from denying PLAINTIFF'S construction of the policy coverage at issue.

To the extent that the wording of such policy does not reflect the true intent of all parties thereto, PLAINTIFF pleads the doctrine of mutual mistake requiring reformation.

## XIII.

Electronically Filed
5/9/2016 10:35:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2117-16-A

## Damages

Due to the acts and omissions of the Defendant, more specifically set forth above, Plaintiff seeks to recover all actual and special damages, including but not limited to the following: past, present, and future cost of repair to Plaintiff's home, any investigative and engineering fees incurred in the claim, cost of mitigation, reliance damages, restitution damages, and costs of alternative housing while repairs are occurring. The Plaintiff is also entitled to recover consequential damages from Defendant's breach of contract. The Plaintiff is also entitled to recover the amount of Plaintiff's claim plus 18% per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus pre-judgment and post judgment interest and attorney's fees.

Plaintiff's damages as described in this petition are within the jurisdictional limits of the Court.

## XIV.

### Request for Rule 194.2 Disclosures

Under Texas Rule of Civil Procedure 194.2, PLAINTIFF requests that DEFENDANT disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

## XV.

### Prayer

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF respectfully requests this Honorable Court for the following relief: That DEFENDANT be cited to appear and that upon final hearing and trial hereof, this Honorable Court grant to the PLAINTIFF such relief as

Electronically Filed
5/9/2016 10:35:25 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2117-16-A

to which she may show herself justly entitled, either at law or in equity; either general or special, including declaratory judgment, judgment against the DEFENDANT for economic damages, attorney's fees, cost of suit, pre-judgment and post-judgment interest, and for such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

Law Offices of R. Kent Livesay, P.C.

5319 South McColl Road

Edinburg, Texas 78539

(956) 686-5776 Telephone

(956) 686-0050 Facsimile

litigation@livesaylawfirm.com

By:  /s/ R. Kent Livesay

R. Kent Livesay

Texas Bar No. 00790057

**ATTORNEY FOR PLAINTIFF**

DATE 7/8/2016

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By Deputy#18

15

Electronically Filed
6/1/2016 4:44:34 PM
Hidalgo County District Clerks
Reviewed By: Monica Valdez





# Law Offices of R. Kent Livesay, P.C.
## 2510 S. Veterans Blvd.
### Edinburg, Texas 78539
Phone: 956.686.5776 * Facsimile: 956.686.0050

June 1, 2016

*VIA E-FILE*
Laura Hinojosa
Hidalgo County District Clerk
100 N. Closner
P.O. Box 87
Edinburg, Texas 78539

**RE:** Cause No. <u>C-2117-16-A.</u> *Maria De Jesus Gonzalez vs. Companion Property & Casualty Insurance Company and Wellington Risk Insurance Agency, Inc.*

Dear Ms. Hinojosa:

This letter is to serve as our request for the issuance of citations, in the above-referenced matter. **Please issue citation to Defendants' Registered Agent:**

> **Paul R. Poston**
> **6801Calmont Ave.**
> **Fort Worth, Texas**
> **76116-4108.**
> **Defendant Companion Property's Registered Agent**

> **Paul R. Poston**
> **6801Calmont Ave.**
> **Fort Worth, Texas**
> **76116-4108.**
> **Defendant Wellington Risk's Registered Agent**

**We ask that you please forward the citation to our office to: <u>rolando@livesaylawfirm.com</u>.** Our office will have the citation served by our own process server.

Should you have any questions or comments, please feel free to contact me at your earliest convenience.

Sincerely,

THE LAW OFFICES OF R. KENT LIVESAY, PC

*Rolando Soto*

Rolando Soto
Legal Assistant to R. Kent Livesay

DATE _7/18/2016_
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
BY_____ Deputy#18

---

E-mail: <u>rolando@livesaylawfirm.com</u>

Electronically Filed
7/15/2016 4:19:56 PM
Hidalgo County District Clerks
Reviewed By: Monica Valdez

CAUSE NO. C-2117-16-A

| | | |
|---|---|---|
| MARIA DE JESUS GONZALEZZ | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 92ND  JUDICIAL DISTRICT |
| | § | |
| COMPANION PROPERTY & CASUALTY | § | |
| INSURANCE CO  & WELLINGTON RISK | § | |
| INSURANCE AGENCY, INC. | § | HIDALGO COUNTY, TEXAS |

### DEFENDANTS COMPANION PROPERTY & CASUALTY INSURANCE COMPANY, N/K/A SUSSEX INSURANCE COMPANY & WELLINGTON RISK INSURANCE AGENCY, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, COMPANION PROPERTY & CASUALTY INSURANCE COMPANY, N/K/A SUSSEX INSURANCE COMPANY & WELLINGTON RISK INSURANCE AGENCY, INC., Defendants in the above-styled and numbered cause, and make and file this, their verified answer in reply to Plaintiff's Petition, and for such answer and would respectfully show unto the Court the following:

1.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny the allegations contained within Plaintiff's Petition and demands strict proof thereon by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

2.

Pleading further and without waiver of the above, Defendants deny the occurrence of all conditions precedent to Plaintiff's claim. Without limiting the foregoing, Defendants deny that there has been full compliance with all terms and conditions of the insurance policy at issue as required prior to Plaintiff bringing suit, including, but not limited to, the requirement that payment is only due after agreement is reached on the amount of loss or an appraisal award has been made.

Electronically Filed
7/15/2016 4:19:56 PM
Hidalgo County District Clerks
Reviewed By: Monica Valdez

3.

Pleading further and without waiver of the above, Defendants request that this Court compel mediation pursuant to TEXAS INSURANCE CODE § 541.161(a). This mediation is required under the Texas Insurance Code and Texas Business & Commerce Code. TEX. INS. CODE § 541.161(b).

4.

Pursuant to Tex.R.Civ.P. 93, Defendant Wellington Risk Insurance Agency, Inc. denies that it issued an insurance policy for the house or the loss set out in the Plaintiff's petition.

5.

Additionally, the insurance policy pertaining to the claims asserted by the Plaintiff includes a specific "Appraisal" clause which sets forth the procedure in the event of a disagreement of the amount of the loss. Specifically, the policy requires that, upon written request, the property must be appraised by each party's own independent appraiser. In the event of a disagreement in the appraisal, the differences are submitted to an umpire for determination. Defendant insurance company was potentially deprived of the opportunity to invoke the appraisal clause prior to suit. Further, the lawsuit potentially prevented Defendant insurance company from attempting to resolve the alleged problems, reaching an impasse or invoking the appraisal clause, if necessary. Defendant insurance company reserves the contractual right to invoke this clause and that the property be appraised according to the terms of the applicable insurance policy if the parties reach an impasse. Defendant insurance company has not waived and is not waiving this provision and may assert it in the future.

Electronically Filed
7/15/2016 4:19:56 PM
Hidalgo County District Clerks
Reviewed By: Monica Valdez

6.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendants hereby give actual notice to Plaintiff that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

7.

### Requests for Disclosure

At the time required by law or the Rules, the Defendants request the Plaintiff to respond to all of the matters in TRCP 194.2.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that upon final hearing hereof, that Plaintiff not recover against Defendants and that Defendants go hence with their costs without day and for such other and further relief, at law or in equity, to which Defendants may justly show themselves entitled to receive.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com

By: _____
Thomas F. Nye
State Bar No. 15154025

Electronically Filed
7/15/2016 4:19:56 PM
Hidalgo County District Clerks
Reviewed By: Monica Valdez

William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier
bgault@gnqlawyers.com

ATTORNEYS FOR DEFENDANTS SUSSEX
INSURANCE COMPANY & WELLINGTON RISK
INSURANCE AGENCY, INC.

## CERTIFICATE OF SERVICE

I, Thomas F. Nye, hereby certify that on the _5ʰ_ day of July, 2016, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorney for Plaintiff*
R. Kent Livesay
Law Offices of R. Kent Livesay, P.C.
Email: litigation@livesaylawfirm.com

**VIA E-FILING**

_____
Thomas F. Nye

DATE _7/18/2016_
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____ Deputy#18

GONZALEZ, MARIA DE JESUS/CPCIC – D OA – CPCIC WRIA - PAGE 4 OF 5

Electronically Filed
7/15/2016 4:19:56 PM
Hidalgo County District Clerks
Reviewed By: Monica Valdez

## VERIFICATION OF MICHAEL RAMIREZ

| | |
|---|---|
| **THE STATE** | § |
| | § |
| **OF TEXAS** | § |

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day personally appeared Michael Ramirez, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

"My name is Michael Ramirez. I am an Authorized Agent for Wellington Risk Insurance Agency, Inc., am over the age of 18 years, am competent and authorized to testify herein and have personal knowledge of the facts herein. I have read Paragraph 4 of Defendants' answer and it is true and correct."

Further affiant sayeth not.

Michael Ramirez, Authorized Agent for
Wellington Risk Insurance Agency, Inc.

SWORN TO AND SUBSCRIBED TO BEFORE ME, on this the 15th day of July, 2016, to witness my hand and official seal of office.

SUSAN STONE
Notary Public State of Texas
My Commission Expires
Nov 08, 2017

Notary Public in and for
the State of Texas

GONZALEZ, MARIA DE JESUS/CPCIC – D OA – CPCIC WRIA - PAGE 5 OF 5

Electronically Filed
7/15/2016 4:19:56 PM
Hidalgo County District Clerks
Reviewed By: Monica Valdez

CAUSE NO. C-2117-16-A

| | | |
|---|---|---|
| MARIA DE JESUS GONZALEZZ | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 92ND JUDICIAL DISTRICT |
| | § | |
| COMPANION PROPERTY & CASUALTY | § | |
| INSURANCE CO & WELLINGTON RISK | § | |
| INSURANCE AGENCY, INC. | § | HIDALGO COUNTY, TEXAS |

### DEFENDANTS' DEMAND FOR JURY

COME NOW, COMPANION PROPERTY & CASUALTY INSURANCE COMPANY,

N/K/A SUSSEX INSURANCE COMPANY & WELLINGTON RISK INSURANCE AGENCY,

INC., Defendants in the above-referenced cause, and demand a trial by jury and hereby deposits their

Forty Dollars ($40) jury fee.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com

By: _____
Thomas F. Nye
State Bar No. 15154025

William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier
bgault@gnqlawyers.com

ATTORNEYS FOR DEFENDANTS SUSSEX
INSURANCE COMPANY & WELLINGTON RISK
INSURANCE AGENCY, INC.

Electronically Filed
7/15/2016 4:19:56 PM
Hidalgo County District Clerks
Reviewed By: Monica Valdez

## CERTIFICATE OF SERVICE

I, Thomas F. Nye, hereby certify that on the _15th_ day of July, 2016, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

_Attorney for Plaintiff_
R. Kent Livesay
Law Offices of R. Kent Livesay, P.C.
Email: litigation@livesaylawfirm.com

**VIA E-FILING**

Thomas F. Nye

DATE 7/18/2016
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____ Deputy#18

GONZALEZ, MARIA DE JESUS/CPCIC – JD  – CPCIC WRIA - PAGE 2 OF 2